ELLEN F. ROSENBLUM
Attorney General
SARA D. VAN LOH #044398
 Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.Vanloh@doj.state.or.us
        YoungWoo.Joh@doj.state.or.us


Attorneys for Defendants State of Oregon, Oregon Health Authority, and David Baden


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON ASSOCIATION OF HOSPITALS AND HEALTH SYSTEMS, | Case No. 3:22-cv-01486-SI |
| Plaintiff, | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | Fed. R. Civ. P. 56 |
| STATE OF OREGON; OREGON HEALTH AUTHORITY; and DAVID BADEN, in his official capacity as Director of Oregon Health Authority, | Oral Argument Requested |
| Defendants. | |

# TABLE OF CONTENTS

MOTION FOR SUMMARY JUDGMENT ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

   INTRODUCTION .......................................................................................................... 1

   LEGAL BACKGROUND .............................................................................................. 2

      I. Transactions Subject to OHA Review ................................................................. 2

      II. Procedures for OHA Review ............................................................................. 5

   PROCEDURAL HISTORY ........................................................................................... 7

   STANDARD OF REVIEW ........................................................................................... 8

   ARGUMENT .................................................................................................................. 9

      I. OAHHS's Vagueness Claim Fails Because OAHHS Cannot Show HB 2362 Is Unconstitutional in Every Conceivable Application. ............................................. 9

         A. A facial challenge requires a showing that the legislation is unconstitutional in every conceivable application. ....................................................................... 9

         B. OAHHS cannot establish that HB 2362 is unconstitutionally vague in every conceivable application. ................................................................................. 11

      II. This Court Should Decline Supplemental Jurisdiction over the Oregon Constitutional Claim Because OAHHS's Federal Claim Is Unfounded. ................. 13

      III OAHHS's State Delegation Claim Fails Because HB 2362 Comports with the Oregon Constitutional Requirements for Delegation. ...................................... 13

         A. Oregon's delegation doctrine focuses on whether the law provides adequate safeguards against arbitrary exercise of the delegated power. ......................... 14

         B. No aspect of the factfinding function is delegated to a self-interested individual or group. ....................................................................................................... 16

         C. The Oregon Administrative Procedures Act amply safeguards against arbitrary decisionmaking for HB 2362's operative terms. ........................................... 18

            1. HB 2362 defines "health care entity" with sufficient clarity. .................... 18

            2. HB 2362 defines "transactions" with sufficient clarity. .......................... 20

            3. HB 2362 defines "health equity" with sufficient clarity. ......................... 20

         D. Both HB 2362 itself and the Oregon APA provide adequate safeguards for OHA's preliminary and comprehensive review. ....................................................... 21

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

1. HB 2362 establishes criteria for preliminary review and requires OHA to adopt any additional criteria by rule in accordance with Section 415.501(1). ............................ 22

2. Comprehensive review shares the safeguards of preliminary review with the additional safeguards of review-board recommendation procedure. ........................... 24

CONCLUSION ........................................................................................................... 26

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# TABLE OF AUTHORITIES

**Cases**

*Am. Apparel & Footware Ass'n, Inc. v. Allen*, Case No. 3:21-cv-1757-SI, 2022 WL 2235907, at
*9 (D. Or. June 22, 2022) .................................................................................. 11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .............................................. 10

*Blue Iguana, Inc. v. Or. Liquor Control Comm'n*, 258 Or. App. 535 (2013)....... 21, 22, 24, 25, 28

*BP West Coast Products, LLP v. Or. Dep't of Justice*, 284 Or. App. 723 (2017) ................. 25, 27

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................................................... 10

*City of Damascus v. Brown*, 266 Or. App. 416 (2014) .......................................... 17, 18

*Corvallis Lodge No. 1411 v. Or. Liquor Control Comm'n*, 67 Or. App. 15 (1984) .................... 18

*Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959 (9th Cir. 2003) ........ 11, 14, 15

*Kashem v. Barr*, 941 F.3d 358 (9th Cir. 2019) ...................................................... 12

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) ............................................................ 23

*Legal Aid Soc'y of Hawaii v. Legal Servs. Corp.*, 145 F.3d 1017(9th Cir. 1998) ...................... 11

*MacPherson v. Dep't of Admin. Servs.*, 340 Or. 117 (2006) ........................ 17, 18, 21, 22, 25, 26

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)................................ 10

*Medford Firefighters Association v. City of Medford*, 40 Or. App. 519 (1979) ......................... 18

*Meyer v. Lord*, 37 Or. App. 59 (1978) ................................................................. 19

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (2011).................................................... 16

*Qwest Corp. v. Pub. Util. Comm'n*, 205 Or. App. 370 (2006) ...................................... 17

*Springfield Educ. Ass'n v. Springfield Sch. Dist. No. 19*, 290 Or. 217 (1980) ........................ 24

*Sun Ray Drive-in Dairy, Inc. v. Or. Liquor Control Comm'n*, 16 Or. App. 63 (1973) ............... 25

*U.S. v. Salerno*, 481 U.S. 739 (1987)................................................................... 11

*Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489 (1982)............................ 12

*Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022).............................................................. 15

*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008) ........... 13

*Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128 (9th Cir. 2011) ....................... 12

**Statutes**

HB 2362 ................................................................................................... passim

Or. Rev. Stat. § 183.310............................................................................... 18

Or. Rev. Stat. § 183.325............................................................................... 22

Or. Rev. Stat. § 183.411............................................................................ 7, 23

Or. Rev. Stat. § 183.482............................................................................... 23

Or. Rev. Stat. § 183.482(8)(b) ....................................................................... 23

Page iii

Or. Rev. Stat. § 183.482(8)(b)(B) ................................................................................ 19

Or. Rev. Stat. § 183.497 ............................................................................................... 23

Or. Rev. Stat. § 413.014 ............................................................................................... 19

Or. Rev. Stat. § 414.018 ............................................................................................... 22

Or. Rev. Stat. § 414.018(1) ........................................................................................... 22

Or. Rev. Stat. § 414.018(3)(b) ...................................................................................... 21

Or. Rev. Stat. § 414.025 ................................................................................................. 2

Or. Rev. Stat. § 414.570 ............................................................................................... 22

Or. Rev. Stat. § 414.690 ................................................................................................. 3

Or. Rev. Stat. § 415 (4) ................................................................................................. 11

Or. Rev. Stat. § 415.019(2) ........................................................................................... 23

Or. Rev. Stat. § 415.500 ................................................................................... 2, 11, 12

Or. Rev. Stat. § 415.500(10) ..................................................................................... 3, 20

Or. Rev. Stat. § 415.500(10)(c) .................................................................................... 20

Or. Rev. Stat. § 415.500(2) ............................................................................................. 3

Or. Rev. Stat. § 415.500(4)(a) ................................................................................... 2, 18

Or. Rev. Stat. § 415.500(4)(a)(B) ................................................................................. 19

Or. Rev. Stat. § 415.500(4)(a)(F) ................................................................................. 19

Or. Rev. Stat. § 415.500(4)(b) ....................................................................................... 3

Or. Rev. Stat. § 415.500(5) ........................................................................................... 20

Or. Rev. Stat. § 415.500(6) ........................................................................................... 11

Or. Rev. Stat. § 415.500(6)(a) ........................................................................................ 5

Or. Rev. Stat. § 415.501 (8)(c) ..................................................................................... 25

Or. Rev. Stat. § 415.501(1) ..................................................................... 21, 22, 23, 24

Or. Rev. Stat. § 415.501(11)(a) .................................................................................... 17

Or. Rev. Stat. § 415.501(18) ................................................................................... 23, 25

Or. Rev. Stat. § 415.501(4) ............................................................................................. 6

Or. Rev. Stat. § 415.501(5) ....................................................................................... 6, 16

Or. Rev. Stat. § 415.501(6) ........................................................................................... 22

Or. Rev. Stat. § 415.501(7) ............................................................................................. 7

Or. Rev. Stat. § 415.501(7)(a) ................................................................................... 7, 24

Or. Rev. Stat. § 442.015 ................................................................................................. 2

Or. Rev. Stat. § 743B.005 ............................................................................................... 2

Or. Rev. Stat. § chapter 183 ......................................................................................... 23

**United States Code**

28 U.S.C. § 1367 .......................................................................................................... 13

Page iv

28 U.S.C. § 1367(c) .................................................................................................... 13

28 U.S.C. § 1367(c)(3) ............................................................................................... 13

**Rules and Regulations**

Fed. R. Civ. P. 56 ......................................................................................................... 1

Fed. R. Civ. P. 56(a) ..................................................................................................... 8

LR 56(b) ......................................................................................................................... 8

Or. Admin. R. § 409-070-0005(10) ......................................................................... 20

Or. Admin. R. § 409-070-0005(18) ........................................................................... 3

Or. Admin. R. § 409-070-0005(28) ........................................................................... 3

Or. Admin. R. § 409-070-0010(3) .............................................................................. 4

Or. Admin. R. § 409-070-0015 ................................................................................... 5

Or. Admin. R. § 409-070-0015(b)(B) ........................................................................ 5

Or. Admin. R. § 409-070-0020 ................................................................................... 5

Or. Admin. R. § 409-070-0030(2) .............................................................................. 6

Or. Admin. R. § 409-070-0042 ................................................................................... 5

Or. Admin. R. § 409-070-0055(3) .............................................................................. 7

Or. Admin. R. § 409-070-0060 ............................................................................. 6, 24

Or. Admin. R. § 409-070-0060(6) .............................................................................. 7

Or. Admin. R. § 409-070-0062(4) ......................................................................... 17, 24

Or. Admin. R. § 409-070-0075 ................................................................................... 7

Or. Admin. R. § 409-070-0075(1) ............................................................................. 23

Or. Admin. R. § 409-070-0075(11) ........................................................................... 23

Or. Admin. R. § 415.501(9) ....................................................................................... 25

Or. Admin. R. §409-070-0050 .................................................................................... 7

Oregon Administrative Procedures Act .......................................................... 7, 18, 19

**Constinional Provisions**

Due Process Clause of the U.S. Constitution............................................................... 1

Fourteenth Amendment ......................................................................................... 9, 11

**Other**

https://www.oregon.gov/oha/HPA/HP/Pages/health-care-market-oversight.aspx ......... 5

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants State of Oregon, Oregon Health Authority (OHA), and David Baden[1] move for summary judgment on Plaintiff Oregon Association of Hospitals and Health Systems (OAHHS)'s complaint alleging violations of the Due Process Clause of the U.S. Constitution and the non-delegation doctrine of the Oregon Constitution. Counsel for Defendants certify that the conference required by Local Rule 7-1 occurred and the parties were unable to reach agreement on the matters set forth below. Defendants request oral argument on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Responding to runaway health care costs and decreased services associated with the consolidation of health care providers in recent years, the Oregon Legislature passed HB 2362 in 2021, creating the Health Care Market Oversight program. The program requires health care entities that meet a revenue threshold to notify OHA and submit to a regulatory process for approval before engaging in certain kinds of business transactions, such as mergers and acquisitions, and affiliations and contracts that would eliminate or significantly reduce essential services. In passing HB 2362, the Legislature's goal was to ensure that the proposed transactions would not continue to negatively impact access to health care, quality of patient care, costs for consumers and payers, or health equity. HB 2362 set forth most of the program's requirements and procedures, while OHA promulgated administrative rules and issued sub-regulatory guidance documents as it implemented the program.

OAHHS raises two claims challenging the constitutionality of HB 2362 on its face. First, OAHHS contends that HB 2362 is unconstitutionally vague in violation of the Due Process Clause of the U.S. Constitution because it purportedly contains insufficiently detailed definitions

---

[1] Defendants, by and through their counsel of record, hereby give notice that, pursuant to Federal Rule of Civil Procedure 25(d), David Baden, in his official capacity as Interim Director of OHA, is substituted as Defendant in the above-captioned matter for James Schroeder.

Page 1 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
SV1/mm8/716487169

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

of two key terms. Second, OAHHS contends that HB 2362 is an unconstitutional delegation of legislative authority in violation of the Oregon Constitution because it directed OHA to promulgate rules creating additional criteria for program reviews.

Defendants are entitled to summary judgment on the due-process claim because OAHHS cannot meet its burden to show that HB 2362 is unconstitutionally vague in every conceivable application of the law. And, absent a viable federal claim, the Court should decline to exercise supplemental jurisdiction over the state constitutional claim. The interests of "judicial economy, convenience, fairness, and comity" do not tip in favor of this Court resolving questions of Oregon constitutional law as it applies to Oregon's administrative agencies. If the Court decides to exercise supplemental jurisdiction, Defendants are entitled to summary judgment on the state constitutional claim as well because HB 2362 does not violate Oregon's non-delegation doctrine.

For these reasons, Defendants request that the Court enter summary judgment in their favor.

## LEGAL BACKGROUND

### I.    Transactions Subject to OHA Review

HB 2362, codified at Or. Rev. Stat. §§ 415.500-.900, requires the Oregon Health Authority (OHA) to undertake review of proposed "material change transactions" involving "health care entities," as prescribed in the statute and final rules promulgated by OHA.

Or. Rev. Stat. § 415.500(4)(a) defines a "health care entity" as:

(A)   An individual health professional licensed or certified in this state;

(B)   A hospital, as defined in [Or. Rev. Stat. §] 442.015, or hospital system, as defined by [OHA] by rule;

(C)   A carrier, as defined in [Or. Rev. Stat. §] 743B.005, that offers a health benefit plan in this state;

(D)   A Medicare Advantage Plan;

(E)   A coordinated care organization or a prepaid managed care health services organization, as both terms are defined in [Or. Rev. Stat. §] 414.025; and

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(F) Any other entity that has as a primary function the provision of health care items or services or that is a parent organization of, or is an entity closely related to, an entity that has as a primary function the provision of health care items or services.

Or. Rev. Stat. § 415.500(4)(b) provides a list of entities that are excluded from the definition of "health care entity."

Or. Rev. Stat. § 415.500(10) defines a "transaction" as:

(a) A merger of a health care entity with another entity;

(b) An acquisition of one or more health care entities by another entity;

(c) New contracts, new clinical affiliations and new contracting affiliations that will eliminate or significantly reduce, as defined by [OHA] by rule, essential services.

(d) A corporate affiliation involving at least one health care entity; or

(e) Transactions to form a new partnership, joint venture, accountable care organization, parent organization or management services organization, as prescribed by [OHA] by rule.

Or. Rev. Stat. § 415.500(2) defines "essential services" as:

(a) Services that are funded on the [Prioritized List of Health Services] described in [Or. Rev. Stat. §] 414.690; and

(b) Services that are essential to achieve health equity.

Or. Admin. R. § 409-070-0005(18) defines "health equity" as "a health system having and offering infrastructure, facilities, services, geographic coverage, affordability and all other relevant features, conditions and capabilities that will provide all people with the opportunity and reasonable expectation that they can reach their full health potential and well-being and are not disadvantaged by their race, ethnicity, language, disability, age, gender, gender identity, sexual orientation, social class, intersections among these communities or identities, or their socially determined circumstances."

Or. Admin. R. § 409-070-0005(28) defines "services that are essential to achieve health equity" as:

Page 3 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
SV1/mm8/716487169

    (a)  Any service directly related to the treatment of a chronic condition;

    (b)  Pregnancy-related services;

    (c)  Prevention services including non-clinical services; or

    (d)  Health care system navigation and care coordination services.

Or. Admin. R. § 409-070-0010(3) defines a "significant reduction of services" as occurring "when the transaction will result in a change of one-third or more of any of the following:

    (a)  An increase in time or distance for community members to access essential services, particularly for historically or currently underserved populations or community members using public transportation;

    (b)  A reduction in the number of providers, including the number of culturally competent providers, health care interpreters, or traditional healthcare workers, or a reduction in the number of clinical experiences or training opportunities for individuals enrolled in a professional clinical education program;

    (c)  A reduction in the number of providers serving new patients, providers serving individuals who are uninsured, or providers serving individuals who are underinsured;

    (d)  Any restrictions on providers regarding rendering, discussing, or referring for any essential services;

    (e)  A decrease in the availability of essential services or the range of available essential services;

    (f)  An increase in appointment wait times for essential services;

    (g)  An increase in any barriers for community members seeking care, such as new prior authorization processes or required consultations before receiving essential services; or

    (h)  A reduction in the availability of any specific type of care such as primary care, behavioral health care, oral health care, specialty care, pregnancy care, inpatient care, outpatient care, or emergent care as relates to the provision of essential services.

A particular transaction rises to the level of a "material change transaction" subject to OHA review (1) when one of the transacting parties has an average revenue of at least $25 million over the prior three fiscal years and another has an average revenue of at least $10

million over that same period; or (2) for newly formed entities, the entity is projected to have at least $10 million in revenue in the first full year of operation at normal operation levels. Or. Rev. Stat. § 415.500(6)(a). An entity is newly formed for purposes of this rule when it is "newly formed or capitalized in connection with the transaction or in connection to a health care entity for the purposes of the transaction"; or an existing entity's form of ownership changes in connection with the transaction. Or. Admin. R. § 409-070-0015(b)(B). The rules describe these revenue requirements as the "Materiality Standard." Or. Admin. R. § 409-070-0015.

Or. Admin. R. § 409-070-0020 provides a list of transactions that are not "material change transactions" subject to OHA review.

## II.    Procedures for OHA Review

Health care entities contemplating a potentially covered transaction may file an optional, free application with OHA to request a determination as to whether the transaction is in fact subject to review as a material-change transaction. Or. Admin. R. § 409-070-0042. Additionally, health care entities may request a pre-filing conference with OHA to preview the transaction and notice requirements and discuss OHA's expectations for its review. *Id.* § 409-070-0045(2). Further, the program website, operated by OHA, includes a number of sub-regulatory guidance documents that provide detailed information on the program's parameters and procedures.[2]

As prescribed in the pertinent statutes and rules, the procedures for OHA's material-change transaction reviews include a notice requirement; a preliminary review; a comprehensive review, if OHA deems necessary; and contested case proceedings if the health care entity disputes OHA's decision on a material-change transaction.

The review process proceeds as follows. After determining that a contemplated transaction qualifies as a material-change transaction, a health care entity must submit a notice to OHA at least 180 days before completion of the proposed transaction. Or. Rev. Stat. §

---

[2] The website may be found at https://www.oregon.gov/oha/HPA/HP/Pages/health-care-market-oversight.aspx (last accessed May 22, 2023).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

415.501(4); Or. Admin. R. § 409-070-0030(2). OHA then conducts a preliminary review of the

proposed transaction's potential effects on health care access, health equity, quality of care, and

costs for consumers and payers. Or. Rev. Stat. §§ 415.501(5)-(6); Or. Admin. R. § 409-070-

0055(2) Within 30 days of confirming receipt of the notice, unless extended by agreement or

otherwise tolled under the applicable rules, OHA determines whether to approve, approve with

conditions, or conduct a comprehensive review of the proposed transaction, considering whether

"the transaction has the potential to have a negative impact on access to affordable health care in

this state." Or. Rev. Stat. § 415.501(5).

OHA approves the proposed transaction upon finding that it "will benefit the public good

and communities" by "[r]educing the growth in patient costs," "[i]ncreasing access to services in

medically underserved areas," "[r]ectifying … factors contributing to a lack of health equities or

access to services," or "improv[ing] health outcomes" for state residents and also meets one or

more criteria prescribed by OHA by rule. *Id.* §§ 415.501(5) (9); Or. Admin. R. § 409-070-

0055(2). Approving the transaction requires OHA to determine that "[t]here is no substantial

likelihood of anticompetitive effects from the transaction that outweigh the benefits of the

transaction in increasing or maintaining services to underserved populations." Or. Rev. Stat. §

415.501(9). Administrative rules provide additional necessary criteria for OHA to approve a

transaction on preliminary review, with or without conditions, including:

(a) The material change transaction is in the interest of consumers and is urgently necessary to maintain the solvency of an entity involved in the transaction;

(b) The material change transaction is unlikely to substantially reduce access to affordable health care in Oregon;

(c) The material change transaction is likely to meet the criteria set forth in OAR 409-070-0060 [Comprehensive Review of a Notice of a Material Change Transaction];

(d) The material change transaction is not likely to substantially alter the delivery of health care in Oregon; or

Page 6 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(e) Comprehensive review of the material change transaction is not warranted given the size and effects of the transaction.

Or. Admin. R. § 409-070-0055(2).

If OHA concludes that a transaction may not meet the above-described criteria, or if OHA is unable to complete preliminary review within 30 days, OHA may conduct a comprehensive review of the proposed transaction, to be completed within 180 days. Or. Rev. Stat. § 415.501(7)(a); Or. Admin. R. §§ 409-070-0055(3)-(4). In conducting that review, OHA may request additional information from the entities, seek input from outside experts, convene a community review board to review the proposed transaction and provide recommendations, and hold public hearings to seek public input. Or. Rev. Stat. §§ 415.501(7), (14),(15), Or. Admin. R. §§ 409-070-0050, -0060(2), -0062. OHA approves a proposed transaction after considering the above-described criteria outlined in statute and rule and also finding there is no substantial likelihood that the transaction would: "[h]ave anticompetitive effects in the region not outweighed by benefits in increasing or maintaining services to underserved populations," "[b]e contrary to law," "[j]eopardize the financial stability" of the transacting health care entity, or "[o]therwise be hazardous or prejudicial to consumers or the public." Or. Admin. R. § 409-070-0060(6).

OHA then issues proposed findings of fact and conclusions of law, along with a proposed order, to allow the parties and the public a reasonable opportunity to submit written exceptions. *Id.* § 408-070-0060(4). OHA considers those submissions and issues a final order on the material-change transaction.

Entities dissatisfied with an OHA decision, either after a preliminary or comprehensive review, may file a contested case proceeding under Or. Admin. R. § 409-070-0075 and the Oregon Administrative Procedures Act, Or. Rev. Stat. §§ 183.411-.497.

## PROCEDURAL HISTORY

On October 3, 2022, OAHHS filed a complaint raising two claims against Defendants: a due-process claim on the ground that HB 2362 is unconstitutionally vague, and a claim that HB

Page 7 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

2362 violates the Oregon Constitution by delegating too much authority to OHA. (Compl., ECF No. 1.) On December 19, 2022, OAHHS filed a first amended complaint raising the same claims. (First Am. Compl. (FAC), ECF No. 14.) Defendants filed an answer on January 24, 2023. (Defs.' Answer, ECF No. 18.) On April 17, 2023, OAHHS filed an unopposed motion for entry of a case management order and extension of case deadlines to set a briefing schedule on cross-motions for summary judgment, which the Court granted on the same day. (Unopposed Mot., ECF No. 24; Order, ECF No. 25.) On May 1, 2023, Defendants filed an unopposed motion for extension of time, seeking a two-week extension of the deadlines set forth in the Court's prior order, which the Court also granted the same day. (Defs.' Unopposed Mot., ECF No. 26; Order, ECF No. 27.) Per the Court's most recent order, Defendants' motion for summary judgment is due on May 26, 2023.

## STANDARD OF REVIEW

A court must grant summary judgment when the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party, however, "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248; LR 56(b) ("a party must assert any evidentiary objections in its response"). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## ARGUMENT

**I.**    **OAHHS's Vagueness Claim Fails Because OAHHS Cannot Show HB 2362 Is Unconstitutional in Every Conceivable Application.**

In its first claim, OAHHS brings a facial challenge against HB 2362 under the Fourteenth Amendment's Due Process Clause on the grounds that two of the terms defined therein—"health care entity" and "material change transaction"—are allegedly unconstitutionally vague. (FAC ¶ 72, ECF No. 14.) But OAHHS cannot meet the high bar for a pre-enforcement facial challenge, which requires a showing that HB 2362 is unconstitutional in every conceivable application. The Court should grant judgment in OHA's favor on this claim.

**A.**    **A facial challenge requires a showing that the legislation is unconstitutional in every conceivable application.**

Facial invalidation of legislation "is, manifestly, strong medicine" that "has been employed by the Court sparingly and only as a last resort." *Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998) (citation and quotation marks omitted). As this Court recently noted, "'A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.'" *Am. Apparel & Footware Ass'n, Inc. v. Allen*, Case No. 3:21-cv-1757-SI, 2022 WL 2235907, at *9 (D. Or. June 22, 2022) (quoting *U.S. v. Salerno*, 481 U.S. 739, 745 (1987)); *see also, e.g.*, *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 971 (9th Cir. 2003) (noting that *Salerno*'s "no set of circumstances" standard applies to "facial challenge[s] outside the context of the First Amendment"). Under that exacting standard, even if a litigant presented "a factual situation that suggested the restrictions were unconstitutional in only limited circumstances," the Ninth Circuit "would not strike down the restrictions as unconstitutional." *Legal Aid Soc'y of Hawaii v. Legal Servs. Corp.*, 145 F.3d 1017, 1024 (9th Cir. 1998). Instead, to succeed on a facial constitutional challenge to legislation, a litigant must establish that the legislation is "'***unconstitutional in every conceivable application***.'" *Wright v.*

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1133 (9th Cir. 2011) (internal citations omitted) (emphasis added).

The "every conceivable application" standard applies to the regulations at issue here because they are economic and impose civil (as opposed to criminal) penalties. *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 498-99 (1982) (noting the Constitution tolerates a greater "degree of vagueness" for such regulations). As the Supreme Court put it:

> [E]conomic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action. Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process.

*Id.* at 498. In line with *Hoffman Estates*, the Ninth Circuit considers four relevant factors when deciding how strict a standard to apply to a facial challenge for vagueness: "whether the challenged provision [(1)] involves only economic regulation, [(2)] imposes civil rather than criminal penalties, [(3)] contains a scienter requirement and [(4)] threatens constitutionally protected rights [(*e.g.*, by implicating activities protected by the First Amendment)]." *Kashem v. Barr*, 941 F.3d 358, 370 (9th Cir. 2019).[3] Here, HB 2362 involves only economic regulation, imposes only civil penalties, and does not implicate the First Amendment. Thus, OAHHS must establish that the legislation is unconstitutional in every conceivable application.

Challenges of this type—*i.e.*, claims of facial invalidity—are disfavored for several reasons, as described by the Supreme Court in *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008). One reason is that they "often rest on speculation" and "raise the risk of 'premature interpretation of statutes on the basis of factually barebones records.'" *Id.* at 450 (citation omitted). Another reason is that such challenges "run contrary to

---

[3] Although a stricter standard may apply to "[a] provision that nominally imposes only civil penalties but nonetheless carries a 'prohibitory and stigmatizing effect,'" this is not such a case. *Kashem*, 941 F.3d at 370; *see also, e.g.*, *Hoffman Estates*, 455 U.S. at 499-500, n. 16 (noting that regulations designed to "discourage use of the regulated items" and stigmatizing retailers as sellers of drug paraphernalia "may warrant a relatively strict test" but holding the challenged regulations passed constitutional muster under either standard).

Page 10 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" *Id.* (citations omitted). "Finally, facial challenges threaten to short circuit the democratic process" because "'[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'" *Id.* at 451 (citations omitted).

In short, to succeed on its due process claim, OAHHS must establish that HB 2362 is unconstitutionally vague in every conceivable application. That, it cannot do.

### B. OAHHS cannot establish that HB 2362 is unconstitutionally vague in every conceivable application.

OAHHS claims that HB 2362 "is an unconstitutionally vague law, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution." (FAC ¶ 75, ECF No. 14.) OAHHS alleges that HB 2362 "lacks any adequate definition of what constitutes a 'health care entity' or 'material change transaction,' thus precluding parties from being able to determine whether they are required to provide OHA notice of, or face penalties for completing, a health care transaction." (*Id.* ¶ 72.) On those grounds, OAHHS generally alleges that HB 2362 does not provide minimum procedural safeguards against arbitrariness. (*Id.* ¶ 70). In other words, rather than challenging HB 2362 on its face as unconstitutional in every conceivable application, OAHHS appears to allege that the regulations do not go far enough to guarantee its members' constitutional rights because—under ***some circumstances***—they may be arbitrarily applied. That is an insufficient basis for a declaration that HB 2362 is unconstitutional on its face.

Although OAHHS alleges that the terms "health care entity" and "material change transaction" are not adequately defined, Oregon Revised Statutes section 415.500 defines both terms—setting forth several examples of what the terms include and what the terms do not. Or. Rev. Stat. §§ 415.500(4) (defining "health care entity" by setting forth examples of entities to which that term applies and examples of entities to which that term does not); § 415.500(6)

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(defining "material change transaction" by setting forth examples of transactions to which that term applies and examples of transactions to which that term does not). Because the terms "health care entity" and "material change transaction" are defined under Section 415.500, and because their definitions include specific examples of entities and transactions to which they apply, they cannot reasonably be said to be unconstitutionally vague in every conceivable application.

The Ninth Circuit rejected a similar claim in *Hotel & Motel Association of Oakland v. City of Oakland*, 344 F.3d 959 (9th Cir. 2003). In *Hotel & Motel Association*, city hotel owners and operators and their trade association challenged the constitutionality of two city ordinances that set forth hotel maintenance and habitability restrictions. 344 F.3d at 963. The trade association took issue with a requirement that prohibited "hotel operators from contributing to nuisance activities on or in 'close proximity' to the property . . . ." *Id.* at 972. The Ninth Circuit rejected the trade association's challenge because it did not "allege that every (or any) application of [the close proximity] provision would qualify as unconstitutionally vague." *Id.* The ordinance itself "provide[d] no less than nineteen specific examples of the types of conduct to which th[e] provision applie[d]" and, "[w]hen read in context and applied to th[o]se forms of conduct, the phrase 'close proximity' identifie[d] a 'sufficiently fixed place' to provide the type of notice and standards required by the Constitution." *Id.*

Here, as in *Hotel & Motel Association*, [Or. Rev. Stat. §] 415.500 provides specific examples of the "health care entities" and "material change transactions" to which HB 2362 applies, and—as such—provides the type of notice and standards required by the Constitution. Thus, the Court must enter judgment in OHA's favor on the due process claim because OAHHS cannot meet the exacting standard required for the Court to invoke the disfavored remedy of holding legislation facially invalid.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

II.     **This Court Should Decline Supplemental Jurisdiction over the Oregon Constitutional Claim Because OAHHS's Federal Claim Is Unfounded.**

OAHHS brings its Second Claim for Relief under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state-law claims when they are "part of the same case or controversy." *Id.* § (a). OHA agrees that OAHHS's second claim, which alleges that HB 2362 violates the Oregon Constitution, is part of the same case or controversy as OAHHS's due-process claim. However, because OHA is entitled to judgment for the due-process claim, this Court should decline supplemental jurisdiction over the second claim.

District courts have discretion to decline supplemental jurisdiction. 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022). District courts may decline jurisdiction over a plaintiff's state-law claims when they determine that the plaintiff's federal claims are unfounded. 28 U.S.C. § 1367(c)(3) (providing that district court may decline jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (2011) (affirming district court's decision to decline supplemental jurisdiction after granting summary judgment against the plaintiff's federal claims).

If this Court grants summary judgment for OHA on OAHHS's due-process claim, then it should decline jurisdiction over OAHHS's second claim. The second claim alleges violations of only the Oregon Constitution. (FAC ¶¶ 76–88, ECF No. 14.) The interests of "judicial economy, convenience, fairness, and comity" do not tip in favor of this Court resolving questions of Oregon constitutional law as it applies to Oregon's administrative agencies. *Id.* Indeed, given that the second claim asks this Court to invalidate a duly enacted state law on state-constitutional grounds, the comity factor tips heavily *against* exercising jurisdiction if this Court grants summary judgment against OAHHS's federal claim. This Court should decline jurisdiction.

III.    **OAHHS's State Delegation Claim Fails Because HB 2362 Comports with the Oregon Constitutional Requirements for Delegation.**

If this Court exercises its discretion to adjudicate the state-law claim, then it should nevertheless grant summary judgment in OHA's favor on that claim. OAHHS alleges that

Page 13 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

several aspects of HB 2362 delegate authority to OHA and other related entities and that those

delegations are unlawful under the Oregon Constitution. But, as discussed below, the Oregon

Constitution allows delegations so long as (1) the factfinding function is not delegated to a self-

interested individual or group and (2) there are adequate safeguards to guard against arbitrary

decision-making. HB 2362 satisfies both aspects of Oregon's delegation test, and OHA is thus

entitled to judgment as a matter of law.

### A.    Oregon's delegation doctrine focuses on whether the law provides adequate safeguards against arbitrary exercise of the delegated power.

"Three provisions of the Oregon Constitution, taken together," limit the Oregon

legislature's ability to delegate its lawmaking power. *City of Damascus v. Brown*, 266 Or. App.

416, 440 (2014) (quotation marks omitted). Those provisions are (1) Article I, section 21, which

provides that no law shall "be passed, the taking effect of which shall be made to depend upon

any authority, except as provided in this Constitution"; (2) Article III, section 1, which provides

that no official of Oregon's three governmental branches "shall exercise any of the functions of

another"; and (3) Article IV, section 1(1), which provides that the "legislative power of the state

. . . is vested in a Legislative Assembly." *City of Damascus*, 266 Or. App. at 440.

"[T]he existence of [those] constitutional constraints on the delegation of legislative

power does not mean that every delegation of law-making power is unlawful." *Id.* "Rather,

accountability of government is the central principle . . . ." *Id.* Thus, "[t]he fundamental inquiry

regarding issues of legislative delegation is whether the procedure established for the exercise of

the power furnishes adequate *safeguards* to those who are affected by the administrative action."

*Qwest Corp. v. Pub. Util. Comm'n*, 205 Or. App. 370, 383 (2006) (emphasis in original;

quotation marks omitted); *see MacPherson v. Dep't of Admin. Servs.*, 340 Or. 117, 135–36

(2006) (accord). Two Oregon cases illustrate the application of that standard.[4]

---

[4] The Oregon Constitution does not require that the legislature include "standards circumscribing [the] exercise" of delegated authority. *MacPherson*, 340 Or. at 135; *see Qwest Corp.*, 205 Or. App. at 384–85 (holding that permissible delegation occurred when public body "completed the

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

First, in *Medford Firefighters Association v. City of Medford*, 40 Or. App. 519 (1979), the court held that it was permissible for the legislature to authorize the Employment Relations Board, a state agency, to appoint an arbitrator to resolve public-employee collective-bargaining disputes. In that case, the City of Medford and its firefighters' union were at an impasse on a new employment agreement. *Id.* at 521. In accordance with the collective bargaining statutes, an "arbitrator prepared an agreement and submitted it to the parties for their signatures." *Id.* The city refused to sign, arguing that the collective bargaining statutes unlawfully "delegate[d] legislative authority without adequate standards or safeguards." *Id.* at 521–22. On appeal, the court held that the delegation was permissible, because the statutes required the arbitrator to have "no personal interest in the outcome" and to base the decision on "the factors set out by the legislature" in statute. *Id.* at 525–26; *see also Corvallis Lodge No. 1411 v. Or. Liquor Control Comm'n*, 67 Or. App. 15, 20 n.3 (1984) ("As a general rule, the delegation of a factfinding function to private individuals is an acceptable procedure. However, it is inappropriate when the group to which the factfinding function is delegated has an interest in the way that the facts are determined."). Additionally, the city could seek judicial review of the arbitrator's decision. *Medford Firefighters Ass'n*, 40 Or. App. at 526. *See also City of Damascus*, 266 Or. App. at 442 (discussing *Medford Firefighters Ass'n*).

Second, the court in *MacPherson v. Department of Administrative Services*, 340 Or. 117 (2006), held that a ballot measure, Measure 37, permissibly delegated to state agencies and local governments the authority to "modify, remove or not apply" new land-use regulations to property owners. *Id.* at 122, 135–36 (ellipsis omitted). Measure 37 had "require[d] state [agencies] and local governments to compensate private property owners for the reduction in fair market value of their real property," when that reduction resulted from restrictions imposed by any new "land use regulations of those governmental entities." *Id.* at 122. The public bodies

legislation enacted by the legislature" by "determin[ing] the conditions or events that could lead to sanctions").

Page 15 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

could, as an alternative, "modify, remove or not apply" the new regulations. The plaintiffs argued that the provision for alternatives unlawfully delegated legislative authority. The court rejected that argument, holding that the delegation was permissible because the measure "provide[d] a cause of action for claimants seeking compensation," and there were avenues for "both claimants and interested third parties . . . to obtain judicial review of the decisions that local governing bodies make in accordance with the measure." *Id.* at 135–36; *see Meyer v. Lord*, 37 Or. App. 59, 66 (1978) (holding that legislative delegation to state agency was permissible, because judicial-review provisions were adequate as safeguards).[5]

The above cases provide, as relevant here, that two inquiries are determinative as to whether HB 2362 lawfully delegated authority: First, has the underlying factfinding function been delegated to a self-interested individual or group? And, second, does the procedure lack sufficient safeguards to prevent arbitrary decision-making? Here, because the answer to both inquiries is "no," HB 2362 more than meets the standard for permissible delegation under the Oregon Constitution.

### B. No aspect of the factfinding function is delegated to a self-interested individual or group.

HB 2362 meets the standard under the first inquiry, because it does not delegate factfinding to any self-interested individual or group. OHA decides whether to approve a transaction after preliminary review or whether to instead conduct comprehensive review. *See* Or. Rev. Stat. § 415.501(5) (". . . the authority shall conduct a preliminary review . . . ."); *id.* § 415.501(7)(a) (providing that, after preliminary review, "if a transaction does not meet the criteria in subsection (6) of this section, the authority shall conduct a comprehensive review . . . "). And although OHA "may appoint a review board of stakeholders" to assist with

---

[5]     Existing judicial-review safeguards applicable to public-body decisions can satisfy this requirement. *See MacPherson*, 340 Or. at 142–45 (holding that safeguards included judicial-review procedures applicable to local-government decisions, which were not expressly referenced in the challenged ballot measure). In any event, as explained further below, HB 2362 specifically references the judicial-review procedures in the Oregon Administrative Procedures Act, Or. Rev. Stat. § 183.310–.750.

Page 16 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

comprehensive review, OHA makes the ultimate factual findings. *Id.* § 415.501(7)(a) (quote); *see id.* § 415.501(18) ("A review board shall make recommendations to the authority . . . . . The authority shall . . . issue a final order setting forth *the authority's findings and rationale* for adopting or modifying the recommendations of the review board.") (emphasis added). No private individual or group makes any findings of fact, and HB 2362 therefore unequivocally passes that inquiry of the permissible-delegation test.[6]

OAHHS alleges that HB 2362 potentially allows individuals with conflicts to participate on the review board. (FAC ¶¶ 28, 40, 86–87, ECF No. 14.) That allegation fails to state a viable theory for three reasons. First, HB 2362 expressly guards against direct conflicts by providing that OHA "may not appoint to a review board an individual who is employed by an entity that is a party to the transaction that is under review or is employed by a competitor that is of similar size to an entity that is a party to the transaction." Or. Rev. Stat. § 415.501(11)(a). Second, HB 2362 authorizes OHA to "adopt rules necessary to carry out the provisions" of the statute section that provides for the review board. *Id.* § 415.501(24). HB 2362 further requires review-board members to "file a notice of conflict of interest," *id.* § 415.501(11)(b), and OHA has promulgated rules for review-board conflicts, which further exclude individuals who have "a financial stake in an entity that is party to the transaction" and those who have "governance or decision-making authority for an entity that is a party to the transaction." Or. Admin. R. § 409-070-0062(4). And third, the administrative and judicial review proceedings described in the below sections adequately guard against any other hypothetical conflicts.

In sum, HB 2362 does not delegate any factfinding function to a self-interested individual or group, and it therefore easily passes that aspect of Oregon's test for permissible delegation. Any unaddressed hypothetical conflict is beyond this first inquiry and would be addressed by the procedural safeguards discussed next.

---

[6] For those reasons, OAHHS's complaint incorrectly describes the review board's role as "engag[ing] in factfinding concerning the proposed transaction." (FAC ¶¶ 40, 85, ECF No. 14 (quote).)

Page 17 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### C.    The Oregon Administrative Procedures Act amply safeguards against arbitrary decision-making for HB 2362's operative terms.

OAHHS alleges that three operative terms of HB 2362 unlawfully delegate authority. Namely, OAHHS challenges the terms "health care entity," "transaction," and "health equity," as well as some of their definitional terms and phrases. (FAC ¶¶ 33–34, 48–52, 79, 82–83, ECF No. 14.) The statutory definitions for both "health care entity" and "transaction," however, safeguard against arbitrary application, and any additional clarifications by OHA, whether by rule or by administrative adjudication, are subject to judicial review under the Oregon Administrative Procedures Act, Or. Rev. Stat. §§ 183.310–.750. And although HB 2362 expressly delegates the definition of "health equity" to OHA and the Health Policy Board, it requires that OHA first undergo rulemaking procedures that involve notice, public comment, and judicial review under the Oregon APA. *See Blue Iguana, Inc. v. Or. Liquor Control Comm'n*, 258 Or. App. 535, 542 (2013) (describing such terms as a "legislative assignment" to define the terms by rule). OAHHS does not challenge OHA's compliance with the rulemaking procedures. Those safeguards are more than adequate under *MacPherson*, and any delegation with respect to the challenged operative terms is therefore permissible.

### 1.    HB 2362 defines "health care entity" with sufficient clarity.

HB 2362 expressly defines "health care entity" with enough clarity to guard against arbitrary application. Namely, the statute defines the term as including "individual health professional[s]," "hospital[s]," "hospital system[s]," "coordinated care organizations," and payors. Or. Rev. Stat. § 415.500(4)(a). OAHHS does not challenge any of those definitional terms. (FAC ¶ 33, ECF No. 14.)

OAHHS's challenge to Section 415.500(4)(a) is limited to subparagraph (F), which further covers "[a]ny other entity that…

- "has a *primary function* the provision of *health care items or services*[;]

- "or that is a parent organization of, or is *an entity closely related to*, an entity that has as a primary function the provision of health care items or services."

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(Emphases added.) OAHHS argues that the above-italicized portions "grant[] OHA broad authority . . . without any legislative involvement or oversight." (FAC ¶ 33, 83, ECF No. 14.) That is not the test for unlawful delegations under the Oregon Constitution. The question is whether HB 2362 furnishes adequate safeguards to guard against arbitrary application. Here, the definition of "health care entity" is sufficiently detailed to be one such safeguard.

Additionally, the Oregon APA provides the constitutionally required safeguards. *See MacPherson*, 340 Or. at 135–36 (discussed above). The Oregon APA allows a transaction party to "enforce agency consistency in applying statutes." *Blue Iguana*, 258 Or. App. at 546; *see* Or. Rev. Stat. § 183.482(8)(b)(B) (providing for judicial review of order that is "[i]nconsistent with . . . an officially stated agency position or a prior agency practice"). OAHHS and its members can participate in any rulemaking proceedings interpreting the above provisions and seek judicial review of the rule. Or. Rev. Stat. § 413.014 (requiring Health Policy Board to adopt rules "[i]n accordance with [the Oregon APA]"); *id.* § 413.042 (same for OHA); *id.* § 183.335 (providing for notice and opportunity to comment on proposed rules); *id.* § 183.400 (providing for judicial review of rules).

In any event, OAHHS's argument fails also because it involves OAHHS asserting the legal rights and interests of nonparties. The default rule is that parties "must assert [their] own legal rights and interests, and cannot rest [their] claim on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). Here, the complaint characterizes OAHHS's members as "Oregon hospitals and health systems," both categories of which unequivocally qualify as "health care entities" under HB 2362. (*See* FAC ¶ 7, ECF NO. 14 ("Plaintiff OAHHS is a statewide nonprofit trade association representing Oregon hospitals and health systems.").) Or. Rev. Stat. § 415.500(4)(a)(B) ("Health care entity" includes … "[a] hospital … or hospital system."). Thus, to the extent OAHHS is concerned about what entities may or may not come within Section 415.500(4)(a)(F), it lacks the ability to raise those concerns in this litigation.

Page 19 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

2.      **HB 2362 defines "transactions" with sufficient clarity.**

As with "health care entity," HB 2362 provides several specific examples in defining the term "transaction," most of which OAHHS does not challenge. For example, HB 2362 defines "transaction" as including "merger[s]," "acquisition[s]," and "new clinical affiliations." Or. Rev. Stat. § 415.500(10). OAHHS acknowledges and does not challenge those definitional terms. (FAC ¶ 34, ECF No. 14.)

HB 2362 further defines "transactions" as including:

- "New contracts, new clinical affiliations and new contracting affiliations that will eliminate or significantly reduce, as defined by the authority by rule, essential services;

- "A corporate affiliation involving at least one health care entity; or

- "Transactions to form a new partnership, joint venture, accountable care organization, [etc.], as prescribed by the authority by rule."

Or. Rev. Stat. §§ 415.500(10)(c)–(e). OAAHS argues that those definitional terms delegate authority to OHA to, "on an *ad hoc* basis," determine "what transactions are regulated." Not so. As explained above, the Oregon APA provides adequate safeguards that satisfy the Oregon Constitution's test for permissible delegation. Indeed, OHA has already adopted rules that further define and clarify the definitional terms and phrases that OAAHS has identified. *See, e.g.*, Or. Admin. R. § 409-070-0005(10) (defining "corporate affiliation"); *id.* § 409-070-0010(3) (defining when "[a] significant reduction of services occurs").

3.      **HB 2362 defines "health equity" with sufficient clarity.**

HB 2362 expressly provides that "health equity," as that term is used in the statute, "has the meaning prescribed by the Oregon Health Policy Board and adopted by the authority by rule." Or. Rev. Stat. § 415.500(5). Under Oregon administrative law, that is a "legislative assignment to the agency to make new rules" before OHA can apply the term. *Blue Iguana*, 258 Or. App. at 542 (quotation marks omitted). That kind of term is referred to as a "delegative" term

Page 20 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
SV1/mm8/716487169

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

and has been a part of black-letter Oregon administrative law since at least 1980. *See Springfield Educ. Ass'n v. Springfield Sch. Dist. No. 19*, 290 Or. 217, 228–30 (1980) (describing delegative terms); *Blue Iguana*, 258 Or. App. at 542 (citing *Springfield* to describe delegative terms); *BP West Coast Products, LLP v. Or. Dep't of Justice*, 284 Or. App. 723, 734 (2017) (same). Other examples include terms like "'good cause,' 'fair,' 'unfair,' 'unreasonable,' or 'public convenience and necessity.'" *Blue Iguana*, 258 Or. App. at 542 (quotation marks and ellipsis omitted). Oregon administrative law provides that delegative terms must be "within the discretion allowed by the more general policy of the statute." *BP West Coast*, 284 Or. App. at 735.

Thus, again, the dispositive question is whether there are adequate safeguards to protect against arbitrary decision-making. *MacPherson*, 340 Or. at 135–36; *see also Sun Ray Drive-in Dairy, Inc. v. Or. Liquor Control Comm'n*, 16 Or. App. 63, 73 (1973) ("Judicial review is among the safeguards which serve to legitimize broad legislative delegations of power to administrative agencies."). For the same reasons as for the terms discussed above, the rulemaking procedures in the Oregon APA provide those adequate safeguards.[7]

### D.    Both HB 2362 itself and the Oregon APA provide adequate safeguards for OHA's preliminary and comprehensive review.

OAHHS also alleges that HB 2362 unlawfully delegates criteria-making and condition-imposing authority for OHA's preliminary and comprehensive review of material-change transactions. (FAC ¶¶ 36–41, 82–83, 85, ECF No. 14.) But HB 2362 provides several minimum criteria for OHA to consider, which also inform the general policy that guides judicial review of any additional criteria that OHA may only adopt by rule. And those rules, like with "health equity," are subject to notice, public comment, and judicial review. Or. Rev. Stat. §§ 183.325–

---

[7] Although not relevant to the delegation analysis, it is worth noting that "health equity" has been a concept in Oregon health care regulation since at least 2011. *See* Or. Laws 2011, ch. 602, § 1(3)(b) (declaring legislative policy of "improving health equity and reducing health disparities") (codified at Or. Rev. Stat. § 414.018(3)(b)); *see also* Or. Rev. Stat. § 415.501(1) ("The purpose of this section is to . . . advance the goals set forth in [Or. Rev. Stat. §] 414.018 . . . .").

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

.410. As for any conditions imposed after preliminary or comprehensive review, both HB 2362 and the Oregon APA provide the safeguards against arbitrary imposition, including by providing for written exceptions, contested-case proceedings, and judicial review. Those safeguards are adequate under *MacPherson*, and the delegation is thus permissible.

> **1.    HB 2362 establishes criteria for preliminary review and requires OHA to adopt any additional criteria by rule in accordance with Section 415.501(1).**

As OAHHS acknowledges, HB 2362 provides criteria for preliminary review of a material-change transaction. OHA must consider at minimum whether "the transaction is in the interest of consumers and is urgently necessary to maintain the solvency" of one of the transaction parties, whether there is the potential for "a negative impact on access to affordable health care," or whether "the transaction is likely to meet the criteria" considered for comprehensive review. Or. Rev. Stat. § 415.501(6). Section 415.501(6) also authorizes OHA to adopt additional criteria by rule, which must either "promote the public interest" or "advance the goals set forth in [Or. Rev. Stat. §] 414.018" or "the goals of the Oregon Integrated and Coordinating Health Care Delivery System described in [Or. Rev. Stat. §] 414.570." *See* Or. Rev. Stat. § 415.501(1) (quotes); *id.* § 415.501(2) (providing that criteria adopted by rule must be "[i]n accordance with subsection (1)"); *see also* Or. Admin. R. § 409-070-0055(2) (providing additional criteria).

Because any criteria adopted by rule must be "[i]n accordance with subsection (1)," they must necessarily interpret the phrase "promote the public interest" as well as the "goals set forth in [Or. Rev. Stat. §] 414.018" and "[Or. Rev. Stat. §] 414.570." Or. Rev. Stat. §§ 415.501(1), (2). As for the goals in Oregon Revised Statute §§ 414.018 and 414.570, that at least includes the stated goal of achieving "universal access to an adequate level of high quality health care at an affordable cost." Or. Rev. Stat. § 414.018(1). As with "health equity," those are delegative terms, and the criteria adopted by rule must thus be "within the discretion allowed" by the general policy of HB 2362. *BP West Coast*, 284 Or. App. at 735.

Page 22 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

HB 2362 also provides that OHA may "approve a transaction with conditions designed to further the goals described in subsection (1)." Or. Rev. Stat. §§ 415.501(1), (6). If OHA approves a material-change transaction with conditions at the preliminary review stage, a party may challenge those conditions by submitting a written request for a "contested case" proceeding, which provides for submission of evidence and review by a disinterested administrative law judge. *See* Or. Rev. Stat. § 415.019(2) ("The provisions of [Or. Rev. Stat. §] chapter 183 govern the hearing procedures and any judicial review of a final order issued in a contested case hearing."); Or. Rev. Stat. §§ 183.411–.471 (providing procedure); *see also* Or. Admin. R. § 409-070-0075(1), (2) (providing that contested case hearings are available and that, in relevant part, "hearings shall be conducted pursuant to [Or. Rev. Stat. §] 183.411 through [Or. Rev. Stat. §] 183.497").

OHA issues the order resulting from the contested case proceedings, and that order is subject to judicial review by the Oregon Court of Appeals. *See* Or. Rev. Stat. § 415.501(18) (providing that transaction parties "may contest the final order as provided in [Or. Rev. Stat. §] chapter 183); *see also* Or. Admin. R. § 409-070-0075(11) (providing that orders are subject to judicial review under Or. Rev. Stat. § [Or. Rev. Stat. §] 183.482). Those judicial-review proceedings allow a transaction party to challenge a condition imposed by OHA as being, among other things, "[o]utside the range of discretion delegated to the agency by law" or "[i]nconsistent with agency rule, an officially stated agency position, or a prior agency practice." Or. Rev. Stat. § 183.482(8)(b). That obviates the danger of arbitrary conditions imposed by OHA. *Cf. Blue Iguana*, 258 Or. App. at 546 (so holding in administrative-law context).

For those reasons, there are adequate safeguards to guard against arbitrary exercise of any delegated authority. Thus, any delegation with respect to criteria for preliminary review or conditions for approval is permissible under the Oregon Constitution.

Page 23 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
SV1/mm8/716487169

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

2.      **Comprehensive review shares the safeguards of preliminary review with the additional safeguards of review-board recommendation procedure.**

As with preliminary review, OHA may approve a material change transaction with conditions. Or. Rev. Stat. §§ 415.501(1), (6). Any condition imposed by OHA after comprehensive review is subject to several layers of further review. Specifically, OHA must "issue a proposed order and allow the parties and the public a reasonable opportunity to make written exceptions." *Id.* § 415.501(18). OHA must then "consider [those] written exceptions and issue a final order setting forth the authority's findings . . . ." *Id.* If a transaction party wishes to challenge an imposed condition, it may then contest the final order via the Oregon APA in a contested case proceeding as described above. *Id.*

In addition to approving transactions with or without conditions, OHA may disapprove of a transaction if it determines that the transaction would not meet rule-adopted criteria, would not "benefit the public good and communities" as specified in HB 2362, or would not have the "likelihood of anticompetitive effects" outweighed by "the benefits of the transaction in increasing or maintain services to underserved populations." *Id.* § 415.501(9). The safeguards applicable to preliminary review apply here as well. HB 2362 and the Oregon APA provide for notice, public comment, and judicial review of any rule-adopted criteria, and they further provide for written exceptions, contested-case proceedings, and judicial review of any final OHA order imposing conditions or disapproving of a transaction. *Id.* § 415.501(18); Or. Admin. R. §§ 409-070-0060, -0075. Because the scope of those procedural safeguards logically scale with the level of review, they remain adequate for comprehensive review.

Additionally, OHA may appoint a community review board to assist with the comprehensive review. Or. Rev. Stat. § 415.501(7)(a). As discussed previously, HB 2362 includes provisions to exclude directly conflicted review-board members and to address potential conflicts. *See, e.g.*, *id.* § 415.501(11) (excluding directly conflicted individuals and requiring notice); *see also* Or. Admin. R. § 409-070-0062(4) (further clarifying disqualifying conflicts).

Page 24 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Following the review board's comprehensive review, the board provides recommendations based on the statutory criteria in Section 415.501(9) and any rule-adopted criteria. Or. Rev. Stat. § 415.501(18).[8]

After reviewing those recommendations, OHA "shall issue a proposed order," in which OHA must independently decide whether to propose adopting or modifying the review board's recommendations. *Id.* OHA must then allow written exceptions, in which a transaction party may challenge any reliance (or nonreliance) on review-board recommendations. *Id.* A party could, for example, argue that OHA should not rely on a review-board recommendation because of unaddressed conflicts or facts. OHA must consider those written exceptions and then "issue a final order setting forth the authority's findings and rationale for adopting or modifying the recommendations of the review board." *Id.* Those procedures more than adequately safeguard against any arbitrary decision-making that could result from review-board proceedings. And, as with preliminary review, that resulting final order is subject to contested-case proceedings and judicial review. *Id.*[9]

This Court should grant summary judgment in favor OHA on OAHHS's Second Claim for Relief (FAC ¶¶ 76–88, ECF No. 14). For the reasons discussed above, HB 2362 permissibly delegates authority, because it does not delegate factfinding authority to a self-interested individual or group, and it furnishes adequate safeguards to protect against arbitrary decision-making. OAHHS alleges no facts that avoid that result and has agreed that discovery is not

---

[8] For its unlawful-delegation claim, OAHHS does not challenge HB 2362's grant of discretion to OHA regarding whether to appoint a review board. (*See* FAC ¶ 63, ECF No. 14 (describing discretionary authority); *id.* ¶¶ 76–88 (describing unlawful-delegation claim).) And if it had, that argument would fail too. Contrary to OAHHS's allegation that it "is entirely up to OHA" (*id.* ¶ 63), OHA must at minimum consider three statutory criteria, and any additional criteria must be prescribed by rule, subject to notice, public comment, and judicial review. Or. Rev. Stat. § 415.501 (8)(c).

[9] "Modifying" a review-board recommendation would include modifying an "approve" recommendation to a "disapprove" recommendation. *See* Or. Rev. Stat. § 415.501(18) ("A review board shall make recommendations to the authority to approve the material change transaction, disapprove the material change transaction or approve the material change transaction subject to conditions.").

Page 25 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

necessary to resolve that legal question. (Unopposed Mot. for Entry of Case Management Order at 2, ECF No. 24.) OHA is therefore entitled to judgment as a matter of law.

## CONCLUSION

For the reasons discussed above, the Court should grant summary judgment in Defendants' favor on OAHHS's claims.

DATED May  26, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Sara Van Loh*
SARA VAN LOH #044398
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.state.or.us
YoungWoo.Joh@doj.state.or.us
Of Attorneys for Defendants

Page 26 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
SV1/mm8/716487169

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000