## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON ASSOCIATION OF HOSPITALS AND HEALTH SYSTEMS,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF OREGON, OREGON HEALTH AUTHORITY,** and **SEJAL HATHI,**[1] in her official capacity as Director of Oregon Health Authority.<br><br>Defendant. | Case No. 3:22-cv-1486-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Oregon Association of Hospitals and Health Systems (OAHHS) brings this lawsuit asserting two facial challenges to HB 2362 (codified at Oregon Revised Statutes §§ 415.500-.900), which created the Health Care Market Oversight program. First, OAHHS asserts that HB 2362 is unconstitutionally vague in violation of the Due Process Clause of the U.S. Constitution. Second, OAHHS asserts that HB 2362 impermissibly delegates legislative authority to the Oregon Health Authority in violation of the Oregon Constitution. OAHHS seeks declaratory relief and prospective injunctive relief enjoining enforcement of HB 2362. The parties have filed cross-motions for summary judgment on both of OAHHS's claims.

---

[1] The Court substitutes the current Director of Oregon Health Authority, Sejal Hathi, for the originally named defendant Patrick Allen, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

The Court has scheduled oral argument on the parties' motions for Wednesday, April 3, 2024. The parties should file supplemental briefing not later than March 25th, addressing the following issues related to OAHHS's first claim:

1.      Whether OAHHS has standing to bring a *pre-enforcement* challenge to HB 2362, specifically:

(a)      Whether OAHHS has demonstrated "an intention to engage in a course of conduct" that is arguably both "affected with a constitutional interest" and "proscribed by the statute." *See Peace Ranch, LLC v. Bonta*, __ F.4th __, __, 2024 WL 562782, at *4 (9th Cir. 2024) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161, 162 (2014)).

(b)      Whether OAHHS has demonstrated a substantial threat of future enforcement, including by showing "a concrete intent to violate the challenged law." *See Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010).

2.      Whether OAHHS may bring a *facial vagueness* challenge considering that HB 2362 is not alleged to infringe or threaten activity protected by the First Amendment. *See Chapman v. United States*, 500 U.S. 453, 467 (1991) ("First Amendment freedoms are not infringed by § 841, so the vagueness claim must be evaluated as the statute is applied to the facts of this case."); *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) ("Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis."); *accord United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir. 1977) (collecting cases and holding same); *but see* Andrew E. Goldsmith, *The Void-for-Vagueness Doctrine in the Supreme Court, Revisited*, 30 Am. J. Crim. L. 279, 310-11 (2003) (discussing Supreme Court decisions that implicitly violate the general rule against permitting facial vagueness challenges outside of the First Amendment context).

PAGE 2 – ORDER

3.      Whether, if OAHHS can bring a facial vagueness challenge outside the First Amendment context, OAHHS must show that HB 2362 infringes a constitutionally protected interest and, if so, whether OAHHS satisfied its burden. *See Dickerson v. Napolitano*, 604 F.3d 732, 744 (2d Cir. 2010) ("*Morales* does suggest that facial challenges are permissible outside of the First Amendment context, but that case only permitted such a challenge in the presence of a constitutionally-protected right. . . . We are aware of no court that has read *Morales* so broadly as to permit facial challenges where no constitutional right is implicated." (discussing *City of Chicago v. Morales*, 527 U.S. 41 (1999))); *see also Kolender v. Lawson*, 461 U.S. 352, 358, n.8 (1983) ("[W]e permit a facial challenge if a law reaches 'a substantial amount of constitutionally protected conduct.'" (quoting *Hoffman Ests. v. Flipside*, 455 U.S. 489, 494 (1982))).

4.      Any other considerations that the parties believe are relevant to the Court's *standing* analysis.

5.      Assuming that OAHHS has standing to bring a pre-enforcement facial challenge to HB 2362 on vagueness grounds, whether a departure from the general standard for evaluating facial challenges, as recently set forth by the Supreme Court in *United States v. Hansen*, is justified under the facts of this case. *See United States v. Hansen*, 143 S. Ct. 1932, 1939 (2023) ("[L]itigants mounting a facial challenge to a statute normally must establish that *no set of circumstances* exists under which the statute would be valid." (cleaned up) (quoting with emphasis *United States v. Salerno*, 481 U.S. 739, 745 (1987))); *see also Tucson v. City of Seattle*, 91 F.4th 1318, 1327 (9th Cir. 2024) (citing rule set forth in *Hansen* as "the normal rule of facial invalidation").

6.      The parties also should be prepared to discuss at oral argument the following:

(a)     Assuming that a departure from the above standard is warranted, what *specific* standard would apply, and what cases should govern, in determining whether HB 2362 is *impermissibly* vague, given that HB 2362 regulates only economic activity, does not infringe or threaten First Amendment rights, imposes only civil penalties, and is enforced by an agency that implements the law through regulations and guidance? *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) ("While some Members of the Court have criticized the *Salerno* formulation, all agree that a facial challenge must fail where the statute has a 'plainly legitimate sweep.'" (citing and quoting *Washington v. Glucksberg*, 521 U.S. 702, 739-740, 740 n.7 (1997) (Stevens, J. concurring))); *Hill v. Colorado*, 530 U.S. 703, 733 (2000) ("[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." (quotation marks omitted)); *see also Kashem v. Barr*, 941 F.3d 358, 370 (9th Cir. 2019) (recognizing that "[t]he degree of vagueness the Due Process clause will tolerate 'depends in part on the nature of the enactment'" and setting forth relevant factors (quoting *Hoffman Ests.*, 455 U.S. at 498)).

(b)     Whether OAHHS has satisfied the applicable standard.

**IT IS SO ORDERED**.

DATED this 11th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge