ELLEN F. ROSENBLUM
Attorney General
SARA VAN LOH #044398
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.state.or.us
            YoungWoo.Joh@doj.state.or.us

Attorneys for Defendants State of Oregon, Oregon Health Authority, and Sejal Hathi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON ASSOCIATION OF HOSPITALS AND HEALTH SYSTEMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON; OREGON HEALTH AUTHORITY; and SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,<br><br>　　　　　Defendants. | Case No.  3:22-cv-01486-SI<br><br>DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER |

## I.　　INTRODUCTION

This matter comes before this Court on the parties' cross-motions for summary judgment. (ECF Nos. 28, 31.) The Court has requested supplemental briefing on four issues: (1) whether Plaintiff Oregon Association of Hospitals and Health Systems (OAHHS) has "standing to bring a

Page 1 -   DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER
　　　　　SV1/mm8/957517266

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

pre-enforcement challenge," (2) "[w]hether OAHHS may bring a facial vagueness challenge considering that HB 2362 is not alleged to infringe or threaten activity protected by the First Amendment," (3) whether, if OAHHS may bring a facial vagueness challenge, "OAHHS must show that HB 2362 infringes a constitutionally protected interest," and (4) whether "a departure from the general standard for evaluating facial challenges … is justified under the facts of this case." (Order 2–3, ECF 41 (emphasis omitted).)

Defendants State of Oregon, Oregon Health Authority, and Director Sejal Hathi (collectively, "OHA") submit this supplemental brief to address the Court's questions.

## II.    ARGUMENT

### A.    OAHHS has not submitted evidence to establish standing but could do so in response to the Court's order.

As the party invoking federal jurisdiction, OAHHS bears the burden of establishing standing under Article III of the U.S. Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The elements of standing are (1) that OAHHS has suffered an injury in fact, (2) that the injury is fairly traceable to the challenged action of the defendant, and (3) that it is likely that the injury will be redressed by a favorable decision. *See id.* at 560–61. In a suit raising a pre-enforcement statutory challenge, the plaintiff establishes injury by showing "'an intention to engage in a course of conduct' that is arguably both 'affected with a constitutional interest' and 'proscribed by the statute.'" (Order 2 (quoting *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024).) A pre-enforcement plaintiff must also show a substantial threat of future enforcement. (*Id.* (citing *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010).)

Standing is "an indispensable part of the plaintiff's case," and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. As a result, "[i]n response to a summary judgment motion, … the plaintiff can no longer rest on … 'mere allegations,' but must 'set forth' by affidavit or other

Page 2 -   DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER
SV1/mm8/957517266

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." *Id.* (citations omitted).

OAHHS has not put forth evidence to support its standing allegations in moving for summary judgment. But at this point OHA cannot anticipate whether OAHHS will cure that defect in responding to this Court's order. Accordingly, OHA will be prepared to discuss that issue during oral argument, after reviewing OAHHS's supplemental briefing.

**B.   A plaintiff may bring a facial vagueness challenge outside the First Amendment context.**

Facial vagueness challenges are not limited to when the challenged law is "alleged to infringe or threaten activity protected by the First Amendment." (Order 2.) In *Monarch Content Management LLC v. Arizona Department of Gaming*, 971 F.3d 1021 (9th Cir. 2020), the Ninth Circuit analyzed a facial vagueness challenge to a state law. Like here, (First Am. Compl. ¶ 70, ECF No. 14), the plaintiffs' challenge was based, in part, on the Due Process Clause of the Fourteenth Amendment. *See Monarch Content*, 971 F.3d at 1030. Also like here, the state law in question involved "economic regulation" rather than "constitutionally protected conduct." *Id.*

After finding that the challenged law did not regulate speech, the Ninth Circuit applied a "less strict vagueness test" to conclude that the statute was not facially invalid. *Id.* (citing *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494–95 (1982)). The court did not reject the facial vagueness challenge because the First Amendment was not implicated. In fact, the court expressly acknowledged the permissibility of a facial vagueness challenge in this context, explaining that absent "constitutionally protected conduct," a facial challenge "can succeed only if the law is impermissibly vague in all of its applications." *Id.* (quotation marks omitted); *cf. Tucson v. City of Seattle*, 91 F.4th 1318 (9th Cir. 2024) ("When First Amendment freedoms are at stake, courts apply the vagueness analysis more strictly, requiring statutes to provide a greater degree of specificity and clarity than would be necessary under ordinary due process principles.") (quotation marks omitted)).

Page 3 -   DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER
SV1/mm8/957517266

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

As a practical matter, a facial vagueness challenge for a state law regulating economic activity is often fatal, absent "a significant first amendment interest." *Monarch Content*, 971 F.3d at 1030 (quoting *IDK, Inc. v. Clark Cnty.*, 836 F.2d 1185, 1198 (9th Cir. 1988)). That is consistent with the Second Circuit's observation in *Dickerson v. Napolitano*, 604 F.3d 732 (2d Cir. 2010), that the impermissible-in-all-applications standard "effectively eliminates facial challenges outside of the First Amendment context that could not also be brought as an as-applied challenge." *Id.* at 743–44. Nevertheless, under *Monarch Content*, a violation of a First Amendment right is not necessary to assert a facial vagueness challenge.

C. **Although OAHHS need not identify a constitutionally protected interest beyond the due-process protection from vague laws, OAHHS must demonstrate that it does not engage "in some conduct that is clearly proscribed."**

As discussed above, OAHHS does not need to "show that HB 2362 infringes a constitutionally protected interest" beyond the due-process protection from vague laws. But OAHHS must demonstrate that it does not engage "in some conduct that is clearly proscribed." *Monarch Content*, 971 F.3d at 1030. OAHHS has not done so here.

"A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494–95 (1982)). That is consistent with the general requirement that litigants "assert only their own legal rights and interests, and not the legal rights and interests of third parties." *Dickerson*, 604 F.3d at 741 (quoting *Farrel v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006)).

OHA does not understand OAHHS to have provided any specific examples of forthcoming transactions of its member hospitals and health systems for which application of HB 2362 would be purportedly unclear. (*See* First Am. Compl. ¶ 7 ("Plaintiff OAHHS is a statewide nonprofit trade association representing Oregon hospitals and health systems.").) Instead, OAHHS considers how the law might apply to entities beyond hospitals or health systems. (Pl.'s Cross-Mot. for Summary J. at 14–15, ECF No. 31; Pl.'s Reply in Supp. of Cross-Mot. for

Page 4 -   DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER
SV1/mm8/957517266

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Summary J. at 13–14, ECF No. 39). Additionally, OAHHS admits that "[m]any" of the transactions engaged in by OAHHS's members "would have and will likely trigger the requirements of HB 2362 (First Am. Compl. ¶ 8), but OAHHS speculates in the abstract about the application of HB 2362 to hypothetical transactions. (Pl.'s Cross-Mot. 16–17.) Lastly, as to transaction-approval criteria, OAHHS relies solely on the fact that HB 2362 authorizes OHA to promulgate additional criteria (Pl.'s Reply 16–17), an argument incompatible with binding case law. *See Cal. Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 571 (9th Cir. 2018) (explaining that "exactness can be achieved not just on the face of the statute, but also through limiting constructions given to the statute by the enforcement agency") (quotation marks and ellipsis omitted); *see also* Or. Rev. Stat. § 415.501(1), (2) (providing that OHA criteria "promote the public interest" and "advance the goals set forth in ORS 414.018" and "ORS 414.570").

As a result, OAHHS has not satisfied its threshold burden. It lacks standing as a prudential matter to challenge the definition of "health care entity," and it has already admitted that "many" of its members' transactions "will likely trigger the requirements of HB 2362." (First Am. Compl. ¶ 8.) And its challenge to the approval criteria treats the "limiting constructions given to the statute by the enforcement agency" as supporting its vagueness argument, contrary to settled law. *See Cal. Pac. Bank*, 885 F.3d at 571. Thus, even though OAHHS does not need to "show that HB 2362 infringes a constitutionally protected interest," it has not satisfied its threshold burden to bring a facial vagueness challenge.

**D.    OAHHS has identified no basis to depart from the general standard for evaluating facial challenges.**

In briefing the cross-motions for summary judgment, OAHHS did not dispute that it cannot establish that HB 2362 is unconstitutionally vague in every conceivable application. Instead, OAHHS argued that the standard no longer applies at all. As *United States v. Hansen*, 124 S. Ct. 1932 (2023), makes clear, the standard is still alive and well. OAHHS has identified no basis to depart from this standard, and the Court should decline to do so.

Page 5 -    DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER
SV1/mm8/957517266

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### III.   CONCLUSION

For the above reasons, as well as those discussed in OHA's moving and opposition briefs (ECF Nos. 28, 34), this Court should grant OHA's motion for summary judgment and deny OAHHS's cross-motion.

DATED March 25, 2024.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General

        *s/ Sara Van Loh*
        SARA VAN LOH #044398
        Senior Assistant Attorney General
        YOUNGWOO JOH #164105
        Assistant Attorney General
        Trial Attorneys
        Tel (503) 947-4700
        Fax (503) 947-4791
        Sara.VanLoh@doj.state.or.us
        YoungWoo.Joh@doj.state.or.us
        Of Attorneys for Defendants

Page 6 -   DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S MARCH 11, 2024 ORDER
SV1/mm8/957517266

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000